*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. HAYES, JR., | Civil Action No. 13-4635 (PGS) |
| Plaintiff, | |
| v. | OPINION |
| CHRIS CHRISTIE, | |
| Defendant. | |

APPEARANCES:

**ROBERT L. HAYES, JR.**, Plaintiff pro se
#111763
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, N.J. 08903

**SHERIDAN**, District Judge

Plaintiff Robert L. Hayes, Jr. ("Plaintiff"), a pre-trial detainee currently being held at Middlesex County Adult Correction Center in New Brunswick, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Chris Christie, The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff asserts that Governor Christie has violated his constitutional rights "by allowing the Old Bridge police station in Old Bridge, New Jersey to violate [his] rights with [an] illegal tactic law called the inevitable discovery doctrine." (Complaint, ¶ 4(b).) By way of further explanation, Plaintiff alleges that, on April 8, 2010, officers of the Old Bridge police department conducted a search of Plaintiff and his home without a warrant and took Plaintiff's cell phone, clothes, and other property. Plaintiff alleges that the officers conducted this allegedly illegal search and seizure because they anticipated being able to use the "inevitable discovery" doctrine to use the evidence against him in a criminal proceeding, despite its having been obtained illegally. Plaintiff seeks monetary damages in the amount of $300,000,000.00.

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

2

be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

The allegations contained in this complaint are virtually identical to those raised against President Barack Obama in *Hayes v. Obama*, Civil Action No. 13-4636 (AET), 2014 WL 413567 (D.N.J. Feb. 4, 2014). The court stated the following with regard to Plaintiff's claim:

> It has long been the rule in American criminal jurisprudence that evidence obtained illegally, or which is the tainted "fruit" of illegal government conduct, must be excluded from use by the government in a criminal trial. *See, e.g., United States v. Wade*, 388 U.S. 218 (1967); *Wong Sun v. United States*, 371 U.S. 471 (1963); *Mapp v. Ohio*, 367 U.S. 643 (1961); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920); *Weeks v. United States*, 232 U.S. 383 (1914). The "core rationale" for the exclusion of such illegally-obtained evidence is "that this admittedly drastic and socially costly course is needed to deter police from violations of constitutional and statutory protections." *Nix v. Williams*, 467 U.S. 431, 442–43 (1984).
>
> In *Nix v. Williams*, however, the Supreme Court adopted an "inevitable discovery" exception to the exclusionary rule.
>
>> If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means—... then the deterrence rationale has so little basis that the evidence should be received. Anything less would reject logic, experience, and common sense.
>
> 467 U.S. at 444 (footnote omitted).

4

> Plaintiff's suggestion here that the President of the United States is liable to him for an allegedly unlawful search and seizure by local police officers, on the theory that the judicially-created "inevitable discovery" exception to the exclusionary rule induced the police to violate Plaintiff's rights, is utterly devoid of any factual or legal basis. This Court will dismiss the Complaint with prejudice as frivolous.

*Hayes*, 2014 WL 413567, at *2. The court also found that in the alternative, the complaint is time-barred since the alleged violation of Plaintiff's rights occurred in April 2010. *Id.*

This Court sees no basis for departing from the decision and findings of Judge Thompson on these nearly identical facts. Therefore, for the reasons stated in Civil Action No. 13-4636, the Court will dismiss the instant complaint.

### III. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is not conceivable that Plaintiff could cure the defects in this Complaint by amendment. Plaintiff's request for appointment of pro bono counsel is dismissed as moot. An appropriate order follows.

Dated: 9/30/15

_____
Peter G. Sheridan, U.S.D.J.

5